UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>          Petitioner,<br><br>   v.<br><br>D'AGOSTINI,<br><br>          Respondent. | Case No. 2:21-cv-01885-JDP (HC)<br><br>ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIM AND GRANTING LEAVE TO AMEND WITHIN SIXTY DAYS<br><br>ECF No. 1 |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the petition, I find that it does not state a cognizable federal claim. I will give petitioner an opportunity to amend before recommending that this action be dismissed.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

As an initial matter, the petition is difficult to read and, despite my best efforts, I cannot understand petitioner's claims. However, I am able to understand petitioner's statements indicating that he is still awaiting trial. ECF No. 1 at 2. I must abstain from considering his claims while his state proceedings are active. *See Younger v. Harris*, 401 U.S. 37 (1971). The

four requirements for abstention under *Younger*—that "(1) there is an 'ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding," appear to be met here. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). The petition indicates that there is an ongoing state proceeding. State criminal proceedings implicate important state interests. There is no argument that petitioner's claims could not be raised in his state proceedings. Finally, his claims appear to attack the very legitimacy of the proceedings against him, ECF No. 1 at 4 (alleging a conspiracy against him and false imprisonment), and granting his petition would almost certainly have the practical effect of enjoining them.

I will give petitioner an opportunity to amend so that he can explain why this action should proceed.

It is ORDERED that:

1. Petitioner may file an amended petition within sixty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

2. The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated: November 23, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2